IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack Lindsay Riddle,<br><br>                       Plaintiff,<br><br>vs.<br><br>Major Marshall Stowers, Deputy Director Ronald Hollister, Jail Administrator John Vandermosten, Physicians Assistant Rae, and Nurse Practitioner Putnam**,**<br><br>                       Defendants. | C/A No. 2:18-CV-02315-JFA-MGB<br><br>**ORDER** |

The *pro se* Plaintiff brings that action pursuant to 42 U.S.C. § 1983 alleging various claims against Defendants and seeking money damages. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 50). The Report sets forth, in detail, the relevant facts and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

On April 16, 2019, Defendants Ronald Hollister, Nurse Practitioner Putnam, Physicians Assistant Rae, Marshall Stowers, and John Vandermosten ("Defendants") filed a Motion for Summary Judgment.[2] (ECF No. 38). On April 17, 2019, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (ECF. No. 39.) Plaintiff's response was due on May 20, 2019. Plaintiff failed to respond to the motion. On May 24, 2019, this Court issued an Order extending the deadline for Plaintiff to respond to Defendants' motion to June 14, 2019. (ECF No. 45.) Plaintiff failed to respond.

Plaintiff was also advised of his right to object to the Report, which was entered on the docket on June 20, 2019. (ECF No. 50). The Magistrate Judge required Plaintiff to file objections by July 5, 2019. *Id.* However, Plaintiff did not file any objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge has allowed Plaintiff ample time to respond to the Court's orders, Defendants' motion, and the Report, yet Plaintiff has failed to do so. The *Roseboro Order* and the Report sent to Plaintiff were returned with a notation from the United States Postal Service stating "NOT DELIVERABLE AS ADDRESSED." (ECF Nos. 41 & 52). Plaintiff previously received the order notifying him of the obligation to keep his address updated (ECF No. 7), and Plaintiff

---

[2] This Court previously dismissed Plaintiff's claims against Defendant Lutz on May 15, 2019. (ECF No. 42).

was clearly aware of this requirement because he submitted a notice of change of address to this Court twice. On December 3, 2018, and again on December 17, 2018, Plaintiff provided this Court with his new permanent address. (ECF Nos. 20 & 25).[3]

A review of the docket reveals that Plaintiff has not notified the Clerk of any subsequent address change since then. Based on the mail that has been returned by the USPS as undeliverable, Plaintiff has failed to provide an updated, useable address to this Court. *See Fair v. Alvin S. Glenn Det. Ctr.*, 2017 WL 6309421, at *2 (D.S.C. Nov. 28, 2017), *report and recommendation adopted*, No. 5:17-CV-00976-TMC, 2017 WL 6270625 (D.S.C. Dec. 7, 2017) ("Plaintiff's failure to provide an updated address and failure to prosecute this case subjects this case to dismissal.").

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation. (ECF No. 50). Thus, this action is **dismissed with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

July 25, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] On December 3, 2018, and again on December 17, 2018, Plaintiff provided this Court with the same permanent address.